**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION**

| | | |
|---|---|---|
| **KARRA BROTHERS, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Case No. _____** |
| | § | |
| **STATE FARM FIRE AND CASUALTY** | § | |
| **COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Karra Brothers, LLC ("Plaintiff" or "Karra Brothers") and hereby files Plaintiff's Original Complaint for damages caused by State Farm Fire and Casualty Company ("Defendant" or "State Farm"). In support of such claims and causes of action, Plaintiff would show this Honorable Court as follows:

**INTRODUCTION**

1. Plaintiff's property, located at 5901 Nieman Rd, Shawnee, Kansas 66203 (the "Property"), sustained severe and increasing loss as a result of a hailstorm, which occurred on or about May 8, 2024 (the "Storm").

2. In the aftermath, Plaintiff relied on Defendant, its insurance carrier, to help it recover and rebuild, as per the terms of Insurance Policy No. 91-AP-0602-3, eff. November 30, 2023, to November 30, 2024 (a copy of which is attached hereto as Exhibit "A") ("the "Policy"). However, Defendant improperly adjusted Plaintiff's claim, bearing Claim No. 16-77Q0-99K (the "Claim"), thereby depriving Plaintiff of the coverage it purchased from Defendant. As a result, Plaintiff is now required to take legal action to ensure it receives the coverage owed to it by Defendant.

1

## PARTIES

3. Plaintiff, Karra Brothers, LLC, is a Kansas limited liability company with its headquarters and principal place of business located at 14905 W. 60th St., Shawnee, Kansas 66216. Karra Brothers, LLC, is wholly owned by Sohan Karra, who resides and is domiciled in Shawnee, Kansas, and therefore is a citizen of Kansas.

4. Defendant, State Farm Fire and Casualty Company, is an Illinois insurance corporation that engaged in the business of selling insurance policies, including Plaintiff's insurance policy, within the State of Kansas. Defendant's headquarters and principal place of business is located at 1 State Farm Plaza, Bloomington, Illinois 61710. Defendant may be served with process through its registered agent for service, Corporation Service Company, 1100 SW Wanamaker Rd., Ste 103, Topeka, Kansas 66604, or wherever it may be served with process in compliance with the governing procedural rules for the State of Kansas.

## JURISDICTION AND VENUE

5. This Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because of the diversity of citizenship of the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. An actual justiciable controversy exists between Plaintiff and Defendant within the meaning of 28 U.S.C. § 2201 regarding whether Defendant breached its duties to Plaintiff in violation of the express terms, conditions and provisions of the Policy.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## FACTUAL BACKGROUND

8. Plaintiff, Karra Brothers, owns the subject commercial building, which is located at 5901 Nieman Rd, Shawnee, Kansas 66203 (the "Property").

2

9.   The Property is a single-story, steel frame commercial building. The roof is divided into four sections covered with a single-ply, mechanically fastened, thermoplastic polyolefin (TPO) membrane over ISO-board insulation.

10. As consideration for Plaintiff's payment of an annual premium, Defendant issued the Policy to Plaintiff as a named insured.

11. Under the Policy, Defendant agreed to, *inter alia*, insure the Property against direct physical loss caused by hail, subject to all terms, conditions, and exclusions of the Policy:

**Coverage A - Buildings**

Buildings, meaning the buildings and structures at the described premises, including:
1. Completed additions;
2. Fixtures, including outdoor fixtures;
3. Permanently installed:
   a. Machinery; and
   b. Equipment
4. Your personal property in apartments, rooms or common areas furnished by you as landlord;
5. Personal property owned by you that is used to maintain or service the buildings or structures or the described premises, including:
   a. Fire extinguishing equipment;
   b. Outdoor furniture;
   c. Floor coverings; and
   d. Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering; and
6. If not covered by other insurance:
   a. Additions under construction, alterations and repairs to the building or structures; and
   b. Materials, equipment, supplies and temporary structures, on or within 100 feet of the described premises, used for making additions, alterations or repairs to the buildings or structures.

\*\*\*

*Ex. A, Businessowners Coverage Form (CMP-4100).*

3

***

## SECTION I – COVERED CAUSES OF LOSS

We insure for accidental direct physical loss to Covered Property unless the loss is:

    a. Excluded in **SECTION I – EXCLUSIONS**; or

    b. Limited in the **Property Subject to Limitations** provision.

***

*Ex. A, Businessowners Coverage Form (CMP-4100).*

12. On or about May 8, 2024, while the Policy was in full force and effect, the Property sustained direct, physical loss resulting from the Storm, which constitutes a covered loss under the Policy.

13. The Property was struck by up to 1.75-inch hail, which caused widespread damage to the Property's roof, including denting and fracturing of the ISO-board insulation installed under the roof's TPO roofing system and damage to the Property's HVAC systems and soft-metal appurtenances.

14. Plaintiff timely notified Defendant of the May 8, 2024, loss, at which time Defendant acknowledged the Claim, assigned Claim No. 16-77Q0-99K, and initially assigned Joshua Speidel as the claim adjuster, however, Dan Schmidt took over shortly thereafter.

15. On or about January 20, 2025, State Farm extended coverage and issued an Actual Cash Value ("ACV") payment for repair of the hail-damaged HVAC systems and soft-metal roof appurtenances; however, it denied coverage of the Property's damaged roof systems based on its determination that the damage to the Property's roof system was caused by wear and/or age and deterioration.

16. As a response, Karra Brothers engaged a public adjuster, Geoffrey Bays of Ethos Adjusting ("Ethos"), to inspect the Property and provide a reasonable repair estimate for any damage caused by the Storm.

4

17. On or about January 27, 2025, Mr. Bays inspected the property and subsequently prepared a photo report documenting Storm damage and an estimate totaling $445,322.64 to repair the Storm-damage to the Property (the "Ethos Estimate").

18. State Farm then engaged Donan Engineering ("Donan") to evaluate the Property and prepare a report on State Farm's behalf.

19. On or about March 17, 2025, Brian Campbell, P.E., of Donan inspected the Property and issued reports to State Farm on or about March 19, 2025, April 15, 2025, and July 15, 2025 (collectively, the "Donan Reports").

20. The Donan Reports confirmed reports of 1.75-inch hail occurring within 1.4 miles of the Property on or about May 8, 2024, and also found hail dents to the ISO-board insulation under the TPO roofs.

21. However, the Reports concluded that the hail dents to the ISO-boards do not significantly reduce the thermal resistance (R-value) or tensile strength of the roofs, and so therefore, do not constitute "damage".

22. On or about May 29, 2025, State Farm issued a letter reaffirming its denial of coverage for the Storm-damage to the Property's roofing systems.

23. In order to receive a second opinion, Karra Brothers engaged True North Engineering, LLC ("TNE") to inspect the Property and provide a report of its causation and damages findings.

24. TNE inspected the Property on August 27, 2025, and subsequently issued its report on September 17, 2025 (the "TNE Report").

25. The TNE Report reaffirmed that the Property was impacted by 1.75-inch hail that caused widespread dents and fractures top the roof's ISO-board insulation that corresponded with spatter marks on the surface of the covering TPO membrane.

5

26. Based on its findings, TNE concluded that, in order to return the Property to its pre-loss condition, the hail-damaged ISO-board insulation must be removed, which will also require removal and replacement of the TPO roof membranes due to the widespread nature of hail damage.

27. To date, State Farm has issued a total of $30,853.28 for the hail-damage to the HVAC and soft-metal roof appurtenances.

28. Plaintiff made a timely and complete claim, and cooperated in every aspect of the same, yet this claim has been unfairly adjusted and delayed for an excessive period of time. This delay has now compounded the loss at the Property, all of which stands in stark contrast to the representations made to Plaintiff by Defendant when it purchased the policy. Such conduct exposes Defendant to specific causes of action under Texas law.

29. Defendant grossly underpaid Plaintiff's claim by underestimating the value of the damages during its investigation. Defendant's adjusters prepared an estimate of damages that is deficient based on an improper results-oriented investigation that ignored obvious hail damage to the ISO-board.

30. Defendant also failed to make timely payment of damages based on the improper and inadequate investigations and analysis performed by its representatives. The Policy unambiguously insures the covered loss and resulting damages.

31. As a result of Defendant's failure to adequately investigate Plaintiff's covered loss and failure to pay for all of the damages as required by its Policy, Plaintiff has been unable to properly repair the Property.

32. As a result of Defendant's failure to properly adjust the claim and its refusal to pay the true value of the covered loss to the Property, Plaintiff was left with no choice but to hire his own professionals, incurring significant costs and expenses associated with proper evaluation and investigation of Plaintiff's covered loss.

33. As a result of Defendant's failure to honor their obligations and duties under the Policy, Plaintiff was also forced to retain the services of legal counsel to protect his rights and remedies under the Policy and as an insured.

34. As of this date, Plaintiff has met, complied with, and continues to meet and comply with, all conditions precedent and duties under the subject insurance Policy. Otherwise, all such conditions and duties have been waived by Defendant.

## BREACH OF CONTRACT

35. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 34 above as though fully stated herein.

36. Plaintiff entered into a valid and enforceable written insurance contract with Defendant pursuant to the laws of Kansas. Defendant sold, in exchange for valuable consideration, the Policy, whereby Defendant agreed, *inter alia*, to insure the Property against direct physical loss caused by hail.

37. The Policy outlined contractual obligations to be performed by both Plaintiff and Defendant, including but not limited to, Plaintiff paying policy premiums for its insurance coverage, and Defendant providing said coverage for claims in the event of covered damage.

38. Plaintiff fully fulfilled their contractual obligations and all conditions precedent for coverage, including making timely policy premium payments and timely reporting of covered losses upon discovery, as required by the insurance contract with Defendant.

39. Defendant then materially breached the contract by failing to pay for the full value of the damages to the Property as required under the Policy.

40. Defendant had no reasonable basis for denying the benefits of the insurance Policy and refused to pay the full amount of the loss without just cause or excuse.

41. Due to Defendant's breach of the Policy, Plaintiff has suffered damages by way of unpaid insurance proceeds and benefits.  Plaintiff's damages include, without limitation, actual damages and interest, because of Defendant's breach of contract.

## JURY DEMAND

42. Plaintiff hereby demands a jury for all triable issues and has tendered payment for a jury trial contemporaneously with the filing of this Original Complaint.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that they be awarded actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post- judgment interest as allowed by law, reasonable attorney fees, costs of suit, all such additional relief specified within this Original Complaint, and for all such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**HUNZIKER & BARMORE, PLLC**

By: */s/ Benjamin P. Barmore*
Benjamin P. Barmore
Kansas Federal Bar No. 79108
Scott G. Hunziker
Kansas Federal Bar No. 20150
The Lyric Center
440 Louisiana St., Ste. 1825
Houston, Texas 77002
(281) 817-6000 Office
(281) 816-9025 Facsimile
Benjamin@HunzBarLaw.com
Scott@HunzBarLaw.com

**ATTORNEYS FOR PLAINTIFF**